UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.

Angela Johnson,

    Defendant.
_____/

Case: 2:23-cr-20435
Judge: Goldsmith, Mark A.
MJ: Patti, Anthony P.
Filed: 07-27-2023

Violation:
18 U.S.C. § 1349

## INFORMATION

THE UNITED STATES ATTORNEY CHARGES:

## GENERAL ALLEGATIONS

At all times relevant to this Information:

1.    The Social Security Act of 1935 initiated the federal and state unemployment insurance ("UI") system. The system provides benefits to individuals who are unemployed for reasons beyond their control. The purpose of the UI system is twofold: first, to lessen the effects of unemployment through cash payments made directly to laid-off workers, and second, to ensure that life necessities are met on a weekly basis while the worker seeks employment. In the State of Michigan, the unemployment insurance system is administered by the Michigan Unemployment Insurance Agency (the "Agency").

1

2. The federal government provided significant supplemental benefits to the State of Michigan as a result of the COVID-19 pandemic. Beginning in or around March 2020 and continuing through in or around September 2021, the Families First Coronavirus Response Act ("FFCRA"), the Coronavirus Aid, Relief, and Economic Security ("CARES") Act, and the American Rescue Plan Act of 2021 ("ARPA") created federal programs that allowed for the significant outlay of federal funds flowing to and through the states to offset the historic need for unemployment benefits by the American workforce, including in the state of Michigan and other states. Collectively, these benefits are often referred to as Pandemic Unemployment Assistance ("PUA").

3. To obtain unemployment assistance in the state of Michigan, a claimant must apply to the Agency. A claimant may apply by submitting a claim application in person, over the phone, or on the internet through the Agency's website.

4. For claims filed or accessed via the internet, the Agency's website captures certain data surrounding the interaction between an individual and the UI system. In Michigan, the UI system is the Michigan Integrated Data Automated System ("MiDAS"). Each time a claim is accessed, MiDAS creates a digital footprint by collecting data, including dates, times, and Internet Protocol ("IP") addresses. This information is tied to the user-entered information for the claim (*e.g.*, name, address, social security number, bank account numbers, etc.).

5. In addition, MiDAS uses certain proprietary algorithms that automatically identify and flag claims that maybe fraudulent. Additionally, employees who review claims can review claims and conclude that the payments may be involved in fraud and take action to stop payment of the claims.

6. To qualify for UI benefits, the claimant must demonstrate a certain level of earnings in several quarters immediately preceding the application. The amount of unemployment benefits for which a claimant qualifies depends on a variety of factors, including but not limited to, the length of his or her previous employment and the amount of wages he or she earned. Employers receive statements of benefit charges for any UI claimants charged or credited against the employer's account. Employers may protest former employees' UI claims when they believe that the former employee is not eligible to receive UI benefits.

7. The Agency will either approve or reject a UI claim based on the application and information provided by the claimant. If the Agency approves a UI claim, the claimant must re-certify his or her continued eligibility for assistance via telephone or the internet at regular intervals in order to continue to receive assistance.

8. A claimant can elect to receive UI benefits either through a prepaid debit card (a "UI debit card") issued by Bank of America, or direct deposit by Bank of America into a bank account identified by the claimant. Additional UI benefits

3

are then electronically loaded onto the UI debit card or directly deposited electronically by Bank of America into the claimant's bank account at intervals thereafter based on the claimant's selection.

9. The transfer of UI benefits, whether onto a UI debit card or into a claimant-provided bank account, involves the transmission of electronic signals to and from Bank of America's data centers, which are located outside of Michigan. As a result, UI benefit claims filed in Michigan result in interstate wire transmissions to pay out UI benefits.

**COUNT ONE**
**18 U.S.C. § 1349**
*Conspiracy to Commit Wire Fraud*

10. Paragraphs 1 through 9 of this Information are realleged and incorporated by reference as though fully set forth herein.

11. From in or around May 2020 and continuing through approximately September 2021, the exact dates being unknown, in the Eastern District of Michigan and elsewhere, defendant Angela Johnson did willfully and knowingly combine, conspire, confederate, and agree with others, known and unknown, to violate 18 U.S.C. § 1343, that is, to devise and execute a scheme and artifice to defraud the Agency and to obtain money and property, namely state and federal UI benefit money, by means of false and fraudulent pretenses, representations and promises, all in violation of 18 U.S.C. § 1349.

12. For purposes of executing and attempting to execute the scheme, defendant Angela Johnson did transmit and cause to be transmitted by means of wire communications in interstate commerce, writings, signs, signals and sounds, in violation of 18 U.S.C. § 1343.

### Purpose of the Conspiracy

13. It was the purpose of the conspiracy for defendant Angela Johnson to unlawfully enrich herself and others by causing the Agency to issue UI benefits on UI claims that were flagged to stop unentitled payments.

### Manner and Means of the Conspiracy

The manner and means by which Defendant sought to accomplish the purpose of the conspiracy included, among other things:

14. Claimants filed UI claims with the Agency over the internet that were flagged by the Agency for various reasons, such as potential fraud, employer disputes, and/or non-monetary issues, which stopped payments on the claims.

15. Defendant Angela Johnson agreed to assist claimants whose claims were flagged by the Agency to prevent unentitled payments for reasons such as potential fraud, employer disputes, and/or non-monetary issues, push their claims through for approval and payment.

16. Defendant Angela Johnson knew and was assisted by an employee of the Agency (the "Agency employee") who had access and could make changes to

UI claims, generate certifications, and dismiss system generated alerts that prevented payment of a UI claim.

17.   It was part of the conspiracy that Defendant Angela Johnson communicated with the Agency employee and identified specific UI claims that the Agency had flagged for potential fraud, employer disputes and/or non-monetary issues to prevent and stop unentitled payments, for the Agency employee to push through for approval and payment.

18.   It was part of the conspiracy that the Agency employee, acting outside the scope of the employee's duties, accessed and discarded various flags on ineligible claims that Defendant Angela Johnson identified, which caused the claims to be approved and UI funds disbursed.

19.   It was part of the conspiracy that ineligible claimants received UI benefits either on a UI debit card or by direct deposit, which involved interstate wire communications with Bank of America and its servers located outside the state of Michigan.

20.   It was part of the conspiracy that claimants shared proceeds of the scheme with Defendant Angela Johnson, who provided monetary compensation to the Agency employee for pushing through the otherwise stopped claims for payment.

All in violation of Title 18, United States Code, Section 1349.

## **FORFEITURE ALLEGATIONS**

21. The allegations contained in this Information are realleged and incorporated by reference to allege forfeiture under Title 18, United States Code, Section 981(a)(1)(C), Title 18, United States Code, Section 982(a)(5), and Title 28, United States Code, Section 2461(c).

22. Upon being convicted of the offense in violation of Title18, United States Code, Section 1349, the defendant shall forfeit to the United States, under Title 18, United States Code, Section 981(a)(1)(C), together with Title 28, United States Code, Section 2461, any property, which constitutes, or is derived from, proceeds obtained directly or indirectly as a result of such violation.

23. The forfeiture in this case may include entry of a forfeiture money judgment in an amount up to the value of the property subject to forfeiture for the violations of conviction.

24. If, by any act of omission of the defendant, the proceeds of the offenses: cannot be located upon the exercise of due diligence, have been transferred, sold to, or deposited with a third party, have been placed beyond the jurisdiction of the court, have been substantially diminished in value, or have been commingled with other property which cannot be divided without difficulty, the United States of America shall seek to forfeit substitute property under Title 21, United States Code, Section

853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c).

DAWN N. ISON
United States Attorney

*John K. Neal*
John K. Neal
Chief, White Collar Crime Unit

Trevor M. Broad
Assistant United States Attorney

Dated: July 27, 2023

**(Companion Case information MUST be completed by AUSA and initialed.)**

| United States District Court<br>Eastern District of Michigan | **Criminal Case Cover Sheet** | Case Number |
|---|---|---|

**NOTE:** It is the responsibility of the Assistant U.S. Attorney signing this form to complete it accurately in all respects.

| **Companion Case Information** | **Companion Case Number:** |
|---|---|
| This may be a companion case based upon **LCrR 57.10 (b)(4)**[1]: | **Judge Assigned:** |
| ☐ Yes    ☒ No | **AUSA's Initials:** T.M.B. |

**Case Title:** USA v. D-2 Angela Johnson

**County where offense occurred:** Wayne

**Check One:**   ☒ Felony   ☐ Misdemeanor   ☐ Petty

____Indictment/____Information --- **no** prior complaint.
____Indictment/ ✔ Information --- based upon prior complaint [**Case number:** 22-mj-30235 ]
____Indictment/____Information --- based upon **LCrR 57.10 (d)** *[Complete Superseding section below]*.

## Superseding Case Information

**Superseding to Case No:** _____   **Judge:** _____

☐ Corrects errors; no additional charges or defendants.
☐ Involves, for plea purposes, different charges or adds counts.
☐ Embraces same subject matter but adds the additional defendants or charges below:

| **Defendant name** | **Charges** | **Prior Complaint (if applicable)** |
|---|---|---|
| | | |

Please take notice that the below listed Assistant United States Attorney is the attorney of record for the above captioned case.

July 27, 2023
Date

s/Trevor M. Broad
Trevor M. Broad
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226-3277
Phone: (313) 226-0210
Fax:   (313) 226-2873
E-Mail address: Trevor.Broad@usdoj.gov
Attorney Bar #:

---

[1] Companion cases are matters in which it appears that (1) substantially similar evidence will be offered at trial, or (2) the same or related parties are present, and the cases arise out of the same transaction or occurrence. Cases may be companion cases even though one of them may have already been terminated.